# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**JASON KING**                                                                                                     **PETITIONER**

**v.**                                                       **No. 4:17CV61-MPM-JMV**

**STATE OF MISSISSIPPI, ET AL.**                                       **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Jason King for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d)(2). Mr. King has not responded to the motion, and the deadline to do so has expired. The matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted and the instant petition for a writ of *habeas corpus* dismissed as untimely filed.

## Facts and Procedural Posture

Jason King pled guilty to the crimes of capital rape (Count I); fondling (Count II); sexual battery (Count III); and sexual battery (Count IV) in Bolivar County Circuit Court Cause No. 7691. *See* Exhibit A. He also pled guilty to the crimes of sexual battery (Count I); fondling (Count II); sexual battery (Count III); fondling (Count IV); and sexual battery (Count V) in Bolivar County Circuit Court Cause No. 7692. *See* Exhibit B.

On May 25, 1993, the circuit court sentenced King in Cause No. 7691 to life imprisonment for capital rape (Count I); ten years for fondling (Count II); thirty years for sexual battery (Count III); and thirty years for sexual battery (Count IV) with Counts II through IV to run concurrently with the life sentence imposed in Count I.[1] *See* Exhibit A. That same day, the

---

[1] On May 10, 1993, the circuit court entered an order to *nolle prosequi* Count V (fondling) in Cause No. 7691. *d*.

circuit court sentenced King in Cause No. 7692 to thirty years for sexual battery (Count I); ten years for fondling (Count II); thirty years for sexual battery (Count III); ten years for fondling (Count IV); and thirty years for sexual battery (Count V) – all to run concurrently with the life sentence imposed in Count I in Cause No. 7691. *See* Exhibit B. By statute, there is no direct appeal from a guilty plea. *See* Miss. Code Ann. § 99-35-101. Accordingly, Mr. King's judgments of conviction became final on Thursday, June 24, 1993, thirty days after he was sentenced on his guilty pleas.[2]

However, Mr. King's convictions predate the April 24, 1996, enactment of the AEDPA's one-year limitations period; as such, that period did not immediately begin to run against him. Instead, federal *habeas corpus* petitioners whose convictions became final before April 24, 1996, are entitled to a one- year grace period until – April 24, 1997, to seek federal *habeas corpus* relief. *See Grillete v. Warden, Winn Correctional Center*, 372 F.3d 765, 768 (5th Cir. 2004). Thus, all judgments of conviction entered before April 24, 1996, are deemed final as of April 24, 1996, for purposes of the AEDPA's period of limitations. Therefore, Mr. King's federal petition became due on or before April 24, 1997.

---

[2] Currently, a Mississippi defendant may not pursue a direct appeal after pleading guilty. *See* Miss. Code Ann. § 99-35-101 ("Any person convicted of an offense in a circuit court may appeal to the Supreme Court. However, where the defendant enters a plea of guilty and is sentenced, then no appeal from the circuit court to the Supreme Court shall be allowed."). However, at one time, the Mississippi Supreme Court had carved out an exception, allowing an appeal from a guilty plea within thirty days when the issue concerned an alleged illegal sentence. *See Burns v. State*, 344 So. 2d 1189, 1190 (Miss. 1977); *Campbell v. State*, 743 So. 2d 1050, 1052 (Miss. Ct. App. 1999). This exception no longer applies after the amendment of Miss. Code Ann. § 99-35-101, effective July 1, 2008. *See Seal v. State*, 38 So. 3d 635, 638 (Miss. Ct. App. 2010). Mr. King entered his plea prior to the 2008 amendment to that statute; as such, his judgments of conviction became final on June 24, 1993, thirty days after he was sentenced on his guilty pleas.

On April 5, 1995,[3] Petitioner submitted a motion for post-conviction relief (PCR) entitled "Motion to Vacate Conviction and Sentence" in Bolivar County Circuit Court Cause Nos. 7691 and 7692. *See* State Court Record (SCR), Mississippi Supreme Court Cause No. 97-M-1072. On November 18, 1997, the circuit court entered an order denying King post-conviction relief. *Id.* The electronic docket of the Mississippi Supreme Court, as shown on that court's website, reflects that Mr. King did not appeal the circuit court's decision.

Thus, the federal *habeas corpus* limitations period was tolled from April 24, 1996, the AEDPA's effective date, through November 18, 1997, the date the circuit court ruled on Mr. King's PCR motion. Petitions for a writ of mandamus do not qualify to toll the limitations period under 28 U.S.C. § 2244(d). *See Moore v. Cain,* 298 F.3d 361, 366-67 (5th Cir. 2002.) Therefore, Mr. King's federal *habeas corpus* petition became due on or before Wednesday, November 18, 1998, (November 18, 1997, plus one year).

King next submitted identical pleadings entitled "Motion for a Post Conviction or in the alternative; Petition for a Conditional Release," in Bolivar County Circuit Court Cause Nos. 7691 and 7692, which were signed on May 5, 2011, and stamp-filed on May 9, 2011.[4] *See* Exhibit D. On July 27, 2011, the circuit court entered an order (which ruled upon both the motions in their respective cases) dismissing the motions as both procedurally barred and

---

[3] Though Mr. King's motion for post-conviction collateral relief is not reflected on the docket of the Bolivar County Circuit Court, the Mississippi Supreme Court recognized the motion in a mandamus action dismissed as moot on December 5, 1997. *See* SCR, Mississippi Supreme Court Cause No. 97-M-1072. Mr. King stated that the motion was filed on either April 5, 1997, or September 27, 1996. The court will give him the benefit of the doubt and use the earlier date in calculating statutory tolling.

[4] Though he had previously filed two motions seeking conditional release in these cause numbers on October 5, 2010, and October 11, 2010, they were filed long after the federal *habeas corpus* deadline – and thus cannot be counted for statutory tolling under 28 U.S.C. § 2244(d)(2). In addition, they are unrelated to the issues in the instant petition.

without merit. *Id*. The circuit court also denied King's request for conditional release. *Id.* The dockets of both the Bolivar County Circuit Court (*see* Exhibits A and B) and the Mississippi Supreme Court, as shown on that court's website, reflect that Mr. King did not appeal that decision. As these pleadings were submitted well after the date that the federal *habeas corpus* limitation period expired, Mr. King is not entitled to additional statutory tolling under 28 U.S.C. § 2244(d) while those state post-conviction actions were pending. Thus, the deadline for Mr. King to file the instant petition for a writ of *habeas corpus* remained Wednesday, November 18, 1998.

## One-Year Limitations Period

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

**Equitable Tolling**

As discussed above, absent equitable tolling, Jason King's federal petition for a writ of *habeas corpus* was due on November 18, 1998. "The doctrine of equitable tolling preserves a [petitioner's] claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir.2000) (per curiam) (internal quotations omitted). The one-year limitations period of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") in 28 U.S.C. § 2255(f) is not jurisdictional; thus, it is subject to equitable tolling. *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir.2002). For this reason, a district court may toll the AEDPA limitations period. *Id.* at 229–30.

The decision whether to apply equitable tolling turns on the facts and circumstances of each case. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *see also Alexander v. Cockrell*, 294 F.3d 626, 628 (5th Cir.2002) (per curiam). However, a court may apply equitable tolling only "in rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998); *see also Minter v. Beck,* 230 F.3d 663, 666–67 (4th Cir.2000) ("[E]quitable tolling of the AEDPA's one year limitation period is reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.") (quotation omitted).

The petitioner bears the burden of establishing that equitable tolling is warranted. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), modified on reh'g, 223 F.3d 797 (2000) (per curiam). In order to satisfy his burden, the petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely

filing his § 2255 motion. *Lawrence v. Florida*, 549 U.S. 327, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007). A petitioner's delay of even four months shows that he has not diligently pursued his rights. *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001). Mr. King has not shown that an extraordinary circumstance, external to him, caused him to seek *habeas corpus* relief so long after the deadline expired. As such, he does not enjoy the benefit of equitable tolling of the *habeas corpus* limitations period.

**Actual Innocence**

Finally, the petitioner raises a claim of actual innocence. The Supreme Court has yet to definitively resolve whether there is a federal Constitutional right to be released upon proof of actual innocence. § 6:17. Freestanding claim of actual innocence, Postconviction Remedies. As Chief Justice Roberts noted,

> Whether such a federal right exists is an open question. We have struggled with it over the years, in some cases assuming, *arguendo,* that it exists while also noting the difficult questions such a right would pose and the high standard any claimant would have to meet. *House[v. Bell],* 547 U.S., at 554–555, 126 S.Ct. 2064; *Herrera [v. Collins],* 506 U.S., at 398–417, 113 S.Ct. 853; see also *id.,* at 419–421, 113 S.Ct. 853 (O'Connor, J., concurring); *id.,* at 427–428, 113 S.Ct. 853 (Scalia, J., concurring); Friendly, Is Innocence Irrelevant? Collateral Attack on Criminal Judgments, 38 U. Chi. L.Rev. 142, 159, n. 87 (1970).

*Dist. Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 71–72, 129 S. Ct. 2308, 2321, 174 L. Ed. 2d 38 (2009). The Supreme Court has since held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar … *or, as in this case, expiration of the statute of limitations.*" *McQuiggin v. Perkins*, 569 U.S. 383 (2013) (emphasis added). To state a valid claim of actual innocence, the petitioner bears the burden of persuasion to show that, "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond reasonable doubt." *Id*. at 386.

Mr. King, however, offers his allegation that he is actually innocent of the crime for which he was convicted, and such "conclusory allegations do not raise a constitutional issue in a *habeas* proceeding." *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983). He also offers notarized statements of various witnesses – Mae Carodine (King's former live-in girlfriend), Madora Waldrop King (the petitioner's mother), William Albert King (the petitioner's brother), and Samuel King (the petitioner's cousin). Their statements were personally supportive of Mr. King, but hardly constitute evidence sufficient to establish his innocence.

Mae Carodine stated that the petitioner lived with her and her children for five years and "never did anything wrong with [her] children." She also stated that "[the petitioner] is an innocent man because he has never committed any offense against children." The first assertion is not relevant to whether Mr. King assaulted *other* children, and the second is a statement of Ms. Carodine's personal belief.

Madora Waldrop King stated that "on the date(s) that the crimes were committed … [the petitioner] was living with me, and my husband, in Blue Mountain, Mississippi." She also stated that "[The petitioner] could not have been in Cleveland, Mississippi on November 17, 1991 thru April 1992, because he was with me in Blue Mountain, Mississippi."

William Albert King stated that the petitioner was living with him in Cleveland, Mississippi, from "April, 1992 to December, 1992." He also stated that "[the petitioner] could not have committed any of these crimes, from April, 1992 to December , 1992, because he was with me in Cleveland, Mississippi." Unless William Albert King was continually by the petitioner's side for that entire eight months, he cannot definitively say whether the petitioner traveled to commit the crimes of his conviction.

Samuel King stated that the petitioner had lived with him, the victims, and others, and "hardly ever stayed at home, but mostly stayed" at another residence. Samuel King also stated that "at no time during [the petitioner's] stay at our house did he commit any crimes against [the victims,]" and that "I have never known any occasion where [the petitioner] was ever left alone with [the victims.]" Samuel King further stated that "Jason King is not guilty of any of the crimes that he was charged with." Again, none of these statements rises to the level of proof of actual innocence. According to Samuel King's statement, the petitioner did sometimes stay at his home, which would give him the opportunity to commit the crimes. Unless Samuel King was with the petitioner at all times he was in the residence, he could not say with certainty that the petitioner was never alone with the victims – or that he is innocent of all the crimes for which he was charged. The final assertion is simply a conclusory statement of that the petitioner is innocent.

Finally, each of these statements came from people who are close to the petitioner – and thus have motive to provide false or exaggerated information. The court cannot say that, "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond reasonable doubt." *McQuiggin, supra,* at 386. As such, Mr. King may not use actual innocence as a gateway through which the court could consider his claims, despite their untimeliness.

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on May 4, 2017, and the date it was received and

stamped as "filed" in the district court on May 8, 2017. Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed 6,742 days (over 18 years) after the November 8, 1988, filing deadline. Certainly, Mr. King has not alleged any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d 510, 513-14 (5th Cir. 1999).

The instant petition will thus dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 11th day of April, 2018.

/s/ MICHAEL P. MILLS
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**